EDWIN L. ANTONY vs. ANDREW J. MILLER, Executor of MILTON ANTONY, deceased.

## *Assumpsit.*

In a suit against an executor, on a demand against a testator, in his life time, he may set off a debt created with him, as executor, by the plaintiff, since the testator's death, though the converse of this proposition will not hold good.

In this case, the plaintiff brought this action upon a Note of hand, made by the deceased, in his life time, to the plaintiff. The defendant (the executor) pleaded a set off, sufficient to pay off the plaintiff's demand; which set off was created with the defendant, as executor, since the death of the testator, by plaintiff's owing the executor for rent of deceased's house, and hire of deceased's negroes. The plaintiff demurred to defendant's plea, and insisted that the set off was not due in the *same right,* and therefore could not be set off against the plaintiff's demand, and cited 4th *Johns.* C. R., page 11. On the part of the defendant, it was contended, that the debt was due in the *same right,* as it was the property of the deceased that went to pay off the demand, and as concerns the plaintiff, the death of the maker of the note did not alter the principle—that the plaintiff was bound to pay his debts to the deceased, and to his estate, after his death.

*By the Court.* In examining the case referred to, the Court finds, that the case there, was an attempt to set off a debt due by plaintiff to the deceased and *another:* It was, therefore, strictly a joint demand, which could not be set off against a several demand; and the Chancellor, in examining the Law, and shewing that a debt due by the deceased, in his life time, could not be the subject of set off against a debt created with the administrator since the *death*—and he makes this remark : "Neither could the executor, if he was the defendant, for the rule must be mutual." This *obiter dictum* of the Chancellor's was not called for by the case he was then deciding; and he quotes no decided cases to support that dictum. Let us see, then, whether the converse of the proposition be true, and whether there be any good reason why such a rule should prevail. Why is it, that

[Antony vs. Miller, Ex'or.]

a debt due by the deceased, cannot be set off against a debt created with the administrator, since deceased's death? It is *this:* that as soon as a party dies, the Law creates a different mode for his administrator to pay his debts, than the Law had prescribed to the deceased, when in life: and if a set off were allowed of deceased's debts, due in his life time, against the assets come to administrator's hands, he might be unable to pay as the Law directs him.

Let us then examine and see, whether there is any reason for the converse of the rule to *prevail.* Does the death of a debtor make any difference in relation to his administrator claiming, as matter of payment, any and all claims which he holds against the creditor, whether they be due to the deceased, or his administrator, or in both capacities? So far as the creditor of the estate is concerned, the Law makes him responsible for the payment of all his debts, no matter in what character due. So far as the Law is concerned, there is no reason to say that they are not *due,* in the same *right,* to wit: The deceased and his estate, in the hands of his administrator, are the same. If a contrary rule were to prevail, what might be the effect? An estate might be indebted to a man for a note made by the deceased—and the creditor might afterwards get from the administrator sufficient to nearly pay off the debt—and when the creditor sued for the debt due by the deceased, the administrator would be estopped from pleading as a set off, the debt created with him as *such,* when the creditor had received pay out of the property of the deceased who gave the note, and the creditor might be insolvent, and the estate solvent—so that he could recover his debt, and the estate would have to lose its claim: for, if the fact be as contended, that the debts are not due in the same right, if the administrator had a judgment for his debt, against the creditor, he would be no better off, as he could not set off the judgments, as they would not be due in the same right— the Law making the creditor responsible for the payment of his debts, and having received pay, from the executor, out of the assets of his debtor, whether before or after his death, it can make no difference, as to him; and as our statute of set off allows a defendant to plead a debt, which he gets at any time before *Plea pleaded* by assignment: This Court decides, that the debt created with the executor, may be set off against a debt due by the deceased, in his life time, to the same person.

[Antony vs. Miller, Ex'or.]

Notwithstanding, the same rule would not prevail when the executor is plaintiff, for a debt created with him, as *such executor*, the Law creating a new duty on the executor in paying off the debts of the deceased; but makes no change to the persons owing the estate. They are bound to pay them as though the decedent were in life.

The demurrer is overruled, and the set off allowed.

JOHN SCHLY, Judge
*Superior Courts, Middle District, Georgia.*